UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, as next friend for "FIONA", a minor, "ERIN", "VICKY", <br> JANE ROE as next friend for "SKYLAR" and "SAVANNAH", minors, <br> JOHN DOE as next friend for "SALLY" and "SIERRA", minors, and "SARAH", <br><br> Plaintiffs, <br><br> v. <br><br> KIRK NESSET, <br><br> Defendant. | CIVIL DIVISION <br><br> Case No. 1:16-cv-00303-BR <br><br> Hon. Barbara Rothstein |

## ANSWER

The defendant Kirk Nesset, by and through his counsel, files the following answer and affirmative defenses to the plaintiffs' complaint.  A jury trial is demanded.

## First Defense

1. The defendant admits the allegations contained in paragraphs 19, 20, 53, 64, 82, 83 and 91.

2. The defendant admits in part and denies in part the allegations contained at paragraphs 76 and 77.  The defendant admits that the CVIP report was provided to his counsel, however, communications between the defendant and his counsel regarding the report are privileged and the report, itself, is inadmissible hearsay.

3. The allegations contained in paragraphs 1, 8, 9, 11, 13, 14, 16, 18, 23, 24, 76, 77 and 122 require no response by the defendant.  To the extent that a response may be necessary, said allegations are denied.

4. After reasonable investigation, the defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 6, 7, 10, 12, 15, 17, 25-29, 31, 33, 36, 39, 75, 78-81 and 84-86, and, accordingly, the same are denied and strict proof is demanded at trial.

5. After reasonable investigation, the defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 32, 37, 40 and 41 and, accordingly, the same are denied and strict proof is demanded at trial. In addition, the remaining allegations in said paragraphs constitute conclusions of law to which no response is required. To the extent that a response may be necessary, the above-referenced allegations are denied.

6. After reasonable investigation, the defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations pertaining to the plaintiffs' claimed injuries and damages in paragraphs 30, 34, 35, 38, 87, 99, 107 and 113 and, accordingly, the same are denied and strict proof is demanded at trial.

7. After reasonable investigation, the defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations pertaining to the plaintiffs' claimed injuries and damages in paragraphs, 95, 114, 120 and 121 and, accordingly, the same are denied and strict proof is demanded at trial. In addition, the remaining allegations in said paragraphs constitute conclusions of law to which no response is required. To the extent that a response may be necessary, the above-referenced allegations are denied.

8. After reasonable investigation, the defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 42-52, 54-63 and 65-68, and, accordingly, the same are denied and strict proof is demanded at trial. By way of

further response, the defendant believes that said allegations were derived and/or paraphrased from the affidavit filed in support of the government's criminal complaint against the defendant, docketed at 114-MJ-00090-SPB in the United States District Court for the Western District of Pennsylvania.

9. The allegations contained in paragraphs 69-74 and 118-119 were derived and/or paraphrased from the affidavit filed in support of the government's criminal complaint against the defendant docketed at 114-MJ-00090-SPB in the United States District Court for the Western District of Pennsylvania. Said allegations are re denied as irrelevant because, to the extent that the defendant made any such statements or admissions therein, he did not reference or make them regarding the plaintiffs, specifically.

10. The allegations contained in paragraphs 2-5, 21, 22, 89, 90, 92-94, 96, 98, 100, 101, 103-106, 108-112, 116 and 117 constitute conclusions of law to which no response is required. To the extent that a response may be necessary, the above-referenced allegations are denied.

11. The defendant answers paragraphs 88, 97, 102 and 115 by incorporating herein by reference his answer to the paragraphs incorporated therein by reference.

12. The defendant denies that the plaintiffs are entitled to any relief sought in paragraphs 123-132, entitled to "Relief Requested".

13. Except as admitted or qualified expressly above, the defendant denies every averment in the complaint.

### Second through Tenth Defenses

14. The plaintiffs' complaint, in whole or in part, fails to set forth claims upon which relief may be granted.

15. The plaintiffs cannot establish that their images were on the defendant's computer or otherwise in his possession.

16. The plaintiffs cannot establish that the defendant ever viewed their images.

17. The plaintiffs cannot establish that they suffered personal or other injury as a result of the defendant's actions.

18. The plaintiffs have already been compensated for any alleged personal or other injuries that they sustained.

19. To the extent that the plaintiffs' images were on the defendant's computer or otherwise in his possession, which the defendant does not admit, the plaintiffs cannot establish that he actively shared such images with other third parties.

20. To the extent that the plaintiffs are entitled to recover any damages, which is not admitted, such amount should be offset by the amount ordered as restitution in the criminal case.

21. To the extent that the plaintiffs are entitled to recover any damages, which is not admitted, such amount should be offset by amounts previously recovered against other defendants in related actions.

22. 18 USC § 2255 is unconstitutional because the minimum "liquidated" damages of $150,000 does not bear any rational or reasonable relationship to the gravity of the harm allegedly caused by the defendant or otherwise by defendant's actions.

Respectfully submitted,

*/s/ Michael J. Bruzzese*
Michael J. Bruzzese
Pa. ID No. 63306

*/s/ Meagan F. Temple*
Meagan F. Temple
Pa. ID No. 92084

                                            BRUZZESE & TEMPLE
                                            300 Koppers Building
                                            436 Seventh Avenue
                                            Pittsburgh, PA 15219

                                            (412) 281-8676

                                            Counsel for the defendant

Dated:  April 21, 2017